HARRY MARSELLA AND THOMAS MARSELLA, PARTNERS, TRADING AS MARSELLA BROTHERS, PLAINTIFFS-APPELLEES, v. FANNIE BLOCH, DEFENDANT-APPELLANT.

Submitted March 13, 1924—Decided May 28th, 1924.

Sale of Land—Agents' Commissions—Contract in Writing to Secure Purchaser—Revocation of Authority—Conversations Between Contracting Parties—Evidence Regarding Prospective Purchaser's Ability—Admission of Evidence Relating to Partial Ownership.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendant-appellant, *Edward Stover*.

For the plaintiffs-appellees, *William B. Stites*.

PER CURIAM.

This is a defendant's appeal from a judgment rendered in the Hoboken District Court. The plaintiffs below were real estate brokers. They instituted this suit to recover a commission of two and one-half per cent. on the sum of $13,500. The defendant, Fannie Bloch, had signed the following authorization:

"Dated Sept. 18, 22.

"Marsella Bros.

"In consideration of your listing and undertaking to sell my premises described above for the sum of $13,500 dollars or any other sum which I may accept, I hereby authorize you to sell same, and agree to pay you 2½% of the purchase price as your commission, upon procuring a purchaser, or having notified the purchaser of property for sale° as listed, in the event of him or her purchasing said property.

"I also agree to give you sole and exclusive right to sell the above premises for the term of 30 days, and further agree that your exclusive right to sell shall not terminate at the expiration of said term unless I notify you in writing to that effect.

"Signed MRS. F. BLOCH."

This authorization had been left with Mrs. Bloch by the plaintiffs, and later it was delivered to them, signed by the defendant. The plaintiffs claim that they procured a purchaser, Mr. Walter, for the property for the sum of $13,500, which was the price fixed in the authorization. The state of the case was settled by the judge of the District Court. He found that the contract had been entered into by the defendant; that it had not been revoked prior to the day the plaintiffs produced the purchaser, and that the plaintiff had produced a purchaser ready, able and willing to purchase the property for $13,500. From the judgment rendered for the plaintiffs for $337.50 and costs, the defendant below has appealed to this court.

The first ground of appeal argued is that the court refused to admit in evidence a notice dated August 9th, 1923, revoking the authorization for the sale of the property. This was signed for the defendant by her daughter, who was an attorney-at-law. It was drawn up and served during the interview when Harry Marsella, one of the plaintiffs, informed the defendant that he had a purchaser, Mr. Walter, ready, willing and able to take the property at the price fixed in the authorization. It was excluded because the court found as a fact that the notice was written and served after the plaintiffs had rendered their service in finding a purchaser in accordance with the terms of the authorization. and the revocation could not affect their rights.

The second ground of appeal argued is that the court erred in refusing to permit the defendant to testify respecting conversations had with the plaintiffs which would tend to show that she was told that the contract ran only for two

weeks. The trial court ruled properly in excluding this testimony. This testimony contradicted the written instrument. Parole testimony to contradict a written instrument is not admissible. *Naumberg* v. *Young*, 44 *N. J. L.* 331; *Loxley* v. *Studebaker*, 75 *Id.* 608.

The next ground of appeal argued is that the court erred in examining Mr. Walter at the trial as to his willingness and ability to purchase the property. We think the court was within its rights in this respect and see no error in this respect. Furthermore, there appears to have been no objection made to the examination. There is therefore no determination from which an appeal can be taken.

The fourth ground of appeal argued is the refusal of the court to admit in evidence a deed for the purpose of showing that Mrs. Bloch was not the sole owner of the property. The defendant had made a demand for specifications. It, therefore, was proper for the trial court to refuse to admit the deed on this ground. Moreover, if the court had admitted the deed, its admission would not have relieved Mrs. Bloch from the obligation of her contract. *Kruse* v. *Ferber*, 91 *N. J. L.* 470.

The issues were questions of fact. The District Court decided these questions in favor of the plaintiffs. These findings will not be disturbed in this court where, as in this case, there appears to have been evidence to sustain them. *Resky* v. *Meyer*, 119 *Atl. Rep.* 97.

The judgment is affirmed, with costs.